### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

REYNA KITNURSE, )
)
)
Plaintiff, ) CIVIL NO. SX-10-CV-__68____
)
v. )
) JURY TRIAL DEMANDED
INGERSOLL-RAND plc, )
)
Defendant. )

## COMPLAINT

Comes now, the Plaintiff, by counsel, and hereby alleges as the basis of her complaint against the Defendant and states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1322, as there is diversity of citizenship and the amount of damages exceeds $75,000.

2. The plaintiff, Reyna Kitnurse, is an adjust resident of St. Croix, USVI where she is a citizen thereof.

3. The defendant, Ingersoll-Rand plc, is a company registered in Ireland, but which has its North American Headquarters in Davidson, North Carolina, where it is a resident and citizen thereof.

4. On August 18, 2008, the plaintiff was working at her assigned job for a contractor inside the Hovensa refinery on St. Croix, using a "chipping/needle" gun, generally referred to as a "needle-gun scaler", manufactured by the defendant.

5. The plaintiff was using the needle gun scaler as it was intended to be used in performing the task assigned to her.

**Complaint**
Page 2

6. While using the needle gun scaler as instructed, the plaintiff injured her right shoulder and arm.

7. A subsequent investigation by OSHA revealed that the needle gun scaler was unsafe to use without proper protective equipment such as anti-shock gloves.

8. As a direct and proximate result of the plaintiff using the equipment without the proper protective gear, the plaintiff was injured.

9. The plaintiff injuries include pain and suffering, mental anguish, loss of enjoyment of life, permanent disability, medical expenses, lost wages and impaired earning capacity, all of which have accrued in the past and will continue to accrue into the future.

## COUNT I

10. The Plaintiff repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

11. The defendant is strictly liable to the plaintiff for her injuries for failing to warn the plaintiff of the known dangers of using the needle gun scaler manufactured by it without using the appropriate protective gear such as anti-shock gloves.

12. As such, the defendant is liable to the plaintiff for her injures sustained as a result of using the defendant's product as it was intended to be used.

## COUNT II

13. The plaintiff repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

**Complaint**
Page 3

14. The defendant's product was improperly designed so as to pose an unreasonable risk of harm to users of the product who used the product as it was intended to be used.

15. As such, the defendant is strictly liable for the damages sustained by the plaintiff when she used the defendant's product as it was intended to be used.

## COUNT III

16. The plaintiff repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

17. The defendant negligently designed the product in question, exposing users like the plaintiff to the risk of injury while using the product as intended.

18. As a direct and proximate result of the defendant's negligence, the plaintiff was injured.

19. As such, the defendant is liable to the plaintiff for injuries she sustained while using the defendant's product.

## COUNT IV

20. The plaintiff repeats and realleges all preceding paragraphs, which are incorporated herein by reference.

21. The defendant was negligent for failing to provide the plaintiff with proper warnings and/or protective equipment when using the needle gun scaler manufactured by the defendant.

**Complaint**
**Page 4**

22. The negligence of the defendant amounted to reckless and wanton conduct due to its knowledge about the safety equipment and warnings required to use its product.

23. As a direct and proximate result of such negligence, the plaintiff was injured.

24. As such, the defendant is liable to the plaintiff for the injuries she sustained.

WHEREFORE, the Plaintiff seeks an award of compensatory damages as determined by the trier of fact along with any other relief the Court deems appropriate, including punitive damages if warranted by the facts.

**A TRIAL BY JURY IS DEMANDED AS TO ALL ISSUES**

Dated: July 30, 2010

/s/ Joel H. Holt
Attorney for Plaintiff
2132 Company Street
Christiansted, VI  00820
(340) 773-8709